IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOSEPH DAVIS                                                                                                PLAINTIFF

V.                                          CIVIL ACTION NO.:    3:18-cv-433-WHB-JCG

CITY OF WAYNESBORO, MISSISSIPPI;
MAYOR RICHARD JOHNSON, INDIVIDUALLY;
ALDERMAN TIM COCHRAN, INDIVIDUALLY;
ALDERMAN ALBERT BUSBY, INDIVIDUALLY;
ALDERMAN TAMMIE K. WILSON, INDIVIDUALLY;
ALDERMAN JOHNNY GRAY, INDIVIDUALLY and
ALDERMAN MARY JOYCE HOWARD DAVIS; INDIVIDUALLY      DEFENDANTS

## COMPLAINT
## JURY TRIAL DEMANDED

**COMES NOW** the Plaintiff, Joseph Davis, by and through his counsel, Watson & Norris, PLLC, and files this action to recover damages for violations of his rights under the CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161, and to recover damages for torts committed by these Defendants against Plaintiff consisting of tortious interference. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

### PARTIES

1.      Plaintiff, Joseph Davis, is an adult African American male residing in Wayne County, Mississippi.

2.      Defendant, City of Waynesboro, Mississippi, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi 39367.

3.      Defendant, Mayor Richard Johnson, may be served with process through the City

Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

4. Defendant, Alderman Tim Cochran, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

5. Defendant, Alderman Albert Busby, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

6. Defendant, Alderman Tammie K. Wilson, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

7. Defendant, Alderman Johnny Gray, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

8. Defendant, Alderman Mary Joyce Howard Davis, may be served with process through the City Clerk, Terri Seawright, 714 Wayne Street, Waynesboro, Mississippi.

## JURISDICTION AND VENUE

9. The Court has federal question jurisdiction for actions that arise under COBRA.

10. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

## STATEMENT OF THE FACTS

11. Plaintiff is a 47 year old black male from Wayne County, Mississippi.

12. Plaintiff was hired by the Defendant, City of Waynesboro, in March, 1999, as a CDL Driver.

13. Plaintiff drove the City's limb and trash truck.

14. Plaintiff's hourly rate of pay was $15.75.

15. The department that Plaintiff worked in did not have a supervisor.

16. Plaintiff worked under a contractor, Joe Zadel.

17. Mr. Zadel would take Plaintiff off his regular route on occasions to do favors for Mayor Johnson, and two Aldermen, Albert Busby and Tim Cochran.

18. If it rained, Mr. Zadel would sometimes shut down Plaintiff's route for days at a time.

19. During these days, Plaintiff was told to pick up paper or drive the City's card board box truck and pick up boxes.

20. This caused Plaintiff to constantly be behind on his regular route.

21. Plaintiff complained to some of the other Aldermen.

22. On several occasions, Mr. Zadel would not provide Plaintiff with any help on his route driving the limb/trash truck. This truck requires two people to run it, one is a licensed operator and the other is a spotter.

23. Plaintiff had to operate the truck alone for the whole town of Waynesboro.

24. Each time this occurred, Plaintiff would let the other Aldermen know.

25. Also, when Plaintiff was not allowed to run his route, they made it out to look like Plaintiff was not doing his job.

26. Plaintiff had to have stomach surgery and was out of work for a brief period of time.

27. Upon returning to work, Mr. Zadel placed Plaintiff on the back of the card board truck, which meant he had to hang off the back side of the truck to pick up boxes.

28. When Plaintiff reminded Mr. Zadel that he was placed on light duty work by his physician after having stomach surgery, Mr. Zadel responded "there is no such thing as light duty

on the job and if you can't work at 100%, go home."

29. After this incident with Mr. Zadel, two other city employees had accidents and were placed on light duty work. Light duty work was made available for these employees.

30. On January 5, 2018, Mayor Richard Johnson called a special board meeting to be held 30 minutes prior to the intended board meeting that was to be held at 5:00 P.M.

31. All City Aldermen were to be present at this meeting.

32. At the special meeting, only three of the five Aldermen were present.

33. At this special meeting, the Mayor voted to terminate four City employees.

34. The majority voted in favor of the proposed terminations.

35. Mayor Johnson knew which two of the three Aldermen present at the special meeting would vote in his favor. Also, Mayor Johnson knew that the other two that were not present would support him which would guarantee a majority vote.

36. Mayor Johnson manipulated the special board meeting in order to terminate individual city employees, as he would have the majority vote.

37. Plaintiff was terminated during the special board meeting and was not given a reason for his termination.

38. When Plaintiff asked for a reason for termination, Mayor Johnson got up, left the meeting, and went to celebrate at a local restaurant with two of the five Aldermen that voted in his favor.

39. Plaintiff worked for the City of Waynesboro, Mississippi, for eighteen years.

40. Mayor Johnson does not have the requisite information to properly evaluate employees on an individual basis that would result in termination.

41. Mayor Johnson terminated four City employees so that the City could contract friends of the Mayor. Positions had to be eliminated in order to for this to happen.

## CAUSES OF ACTION

### COUNT I: VIOLATION OF CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 ("COBRA"), 29 U.S.C. § 1161

42. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 41 above as if fully incorporated herein.

43. Defendant failed to notify Plaintiff about the availability of continuing his insurance coverage pursuant to 29 U.S.C. § 1166, known as COBRA. An employer is required to give an employee notice about the possibility of continuing insurance coverage under COBRA if an employee is terminated.

44. The Defendant's failure to notify Plaintiff of his right to extend coverage after the Defendant terminated Plaintiff violated 29 U.S.C. § 1161 and 1166.

### COUNT II: TORTIOUS INTERFERENCE

45. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 44 above as if fully incorporated herein.

46. The basic elements for tortious interference with an existing contractual relationship include: (a) existence of a valid contractual relationship or business expectancy; (b) knowledge of the contractual relationship or expectancy by the defendant; (c) intentional interference inducing or causing a breach or termination of the contractual relationship or expectancy; and (d) resultant damage to the party whose contractual relationship or expectancy has been disrupted.

47. The Individual Defendants, have successfully tortiously interfered with Plaintiff's employment relationship with the City of Waynesboro, Mississippi. Plaintiff has suffered severe

economic damages as a result of these Defendants' actions. As such, Plaintiff is seeking an award of compensatory damages in an amount to be determined by the jury to fully compensate him for the Individual Defendants' actions in tortiously interfering with his employment relationship with the City of Waynesboro, Mississippi. In addition, the Individual Defendants' actions were done maliciously with the intent to cause Plaintiff injury. As such, Plaintiff is entitled to an award of punitive damages against the Individual Defendants in amount to be determined by the jury.

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully prays that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Reinstatement or front pay in lieu of reinstatement;
2. Back pay;
3. Compensatory damages;
4. Punitive damages;
5. Attorney's fees;
6. Costs and expenses; and
7. Any other relief to which he may be properly entitled.

THIS the 5th day of July, 2018.

Respectfully submitted,

JOSEPH DAVIS, PLAINTIFF

By: /s/ Louis H. Watson, Jr.
Louis H. Watson, Jr. (MB# 9053)
Nick Norris (MB#101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile:  (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com