```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                      NORTHERN DIVISION
```

**JOSEPH DAVIS**                                               **PLAINTIFF**

**V.**                              **CIVIL ACTION NO. 3:18-cv-433-WHB-JCG**

**CITY OF WAYNESBORO, MISSISSIPPI; ET AL.**                    **DEFENDANTS**

### OPINION AND ORDER

This cause is before the Court on four Motions that were filed by Defendants in this civil matter. Having considered the pleadings as well as supporting and opposing authorities, the Court finds:

The Motions of Defendants Tim Cochran, Albert Busby, and Richard Johnson to Dismiss for insufficient service of process should be denied as moot as the Docket shows that these defendants were subsequently properly served within the time permitted by Rule 4(m) of the Federal Rules of Civil Procedure.

The Motion of Defendant, the City of Waynesboro, Mississippi, to Transfer Venue is well taken and should be granted.

### I.  Discussion

**A.  Motions to Dismiss**

On July 5, 2018, Joseph Davis ("Davis") filed a Complaint in this Court alleging that the named defendants had violated his rights under the Consolidated Omnibus Budget Reconciliation Act of

1985 ("COBRA"), codified at 29 U.S.C. § 1161, *et seq.*, by failing to notify him of his ability to continue insurance coverage after his termination. Davis also alleges a state law claim of tortuous interference with contractual relationship arising, in part, from his termination.

On September 12, 2018, Defendants Tim Cochran, Albert Busby, and Richard Johnson moved for dismissal on the grounds of insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure. In support of their Motions, these defendants each argued that the serving of process on the City Clerk for the City of Waynesboro, Mississippi, was insufficient to properly serve them in their individual capacities. See Mots. to Dismiss [Docket Nos. 21, 23, and 25], ¶ 3; Returned Summons [Docket Nos. 8-10]. Following the filing of the Motions to Dismiss, Davis caused the personal service of process on each of the moving defendants. See Returned Summons [Docket Nos. 30-32]. Defendants acknowledge that the subsequent service of process is valid. See Replies [Docket Nos. 35, 36, and 37], at ¶ 10.

As the Docket shows that Defendants Tim Cochran, Albert Busby, and Richard Johnson, were personally served with process within the ninety-day period prescribed by Rule 4(m) of the Federal Rules of Civil Procedure, and as the validity of the subsequent service of process is not contested, the Court finds their Motions to Dismiss for insufficient service of process should be denied as moot.

2

**B.   Motion to Transfer Venue**

The City of Waynesboro, Mississippi, has moved to transfer venue of this case to the Eastern Division of the Southern District of Mississippi.[1]  Under federal law:  "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or *division* where it might have been brought." 28 U.S.C. § 1404(a)(emphasis added).  Whether to transfer venue is a discretionary matter that requires an "individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)(internal quotation omitted).  To defeat a plaintiff's choice of venue, the moving party must prove that a transfer of venue would be "clearly" more convenient for the parties and witnesses and would be in the interest of justice. See In re Volkswagen of Am. Inc., 506 F.3d 376, 384 (5th Cir. 2007); Schexnider v. McDermott Int'l, Inc., 817 F.2d 1159, 1163 (5th Cir. 1987)("There is ordinarily a strong presumption in favor of the plaintiff's choice of forum that may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum.").

A two-step analysis is used when considering whether to transfer venue.  First, the court must determine whether "there

---

[1] Davis did not respond to the Motion to Transfer Venue, and the time period for responding has now expired.

exists an adequate and available alternative forum" for resolution of a dispute. Syndicate 420 at Lloyd's London v. Early Am. Ins. Co., 796 F.2d 821, 828 (5th Cir. 1986). If an adequate, available forum exists, the court must then undertake to balance the public and private interest factors in the case. Id. The private interest factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; [and] (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." Id. at 831 (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the familiarity of the forum with the law that will govern the case; [and] (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." Id. at 831 (citing Piper Aircraft Co., 454 U.S. at 241 n.6).

As regards the first step, the Court finds there exists an adequate and available alternative forum in which this case can be decided, namely in the Eastern Division of this District, which has within its geographic boundary both Wayne County, Mississippi, and the City of Waynesboro, Mississippi. Venue would be proper in the Eastern Division because, under federal law, actions seeking to

4

enforce COBRA provisions may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found". 29 U.S.C. § 1132(e)(2). Here, Davis is a resident of Wayne County, Mississippi; Davis was employed by the City of Waynesboro, Mississippi; the contractual interference and violation of COBRA rights about which Davis complains arise from the termination of his employment with the City of Waynesboro; and all of the defendants are residents of, or can be found in, Wayne County, Mississippi. Accordingly, the Court finds that there exists an adequate and available alternative forum for the trial of this case.

   Under the second step of venue analysis the Court must balance the private and public interest factors in this case. As regards the private factors, the Court finds that each of them weighs in favor of finding that the Eastern Division of this District would be a more convenient forum for litigating this lawsuit. First, the employment/contractual relationship from which all of Davis's claims arise was centered in the City of Waynesboro, Mississippi, and, therefore, access to sources of proof regarding that relationship would more easily be had in the Eastern Division. Second, as the City of Waynesboro is more than 100 miles from the location of this courthouse in Jackson, Mississippi, the Court would lack authority to compel the attendance of employees or individuals residing in or near Waynesboro to appear at a

deposition or at trial. Third, the cost of attendance for witnesses would likely be lower in the Eastern Division as all of the individuals with information regarding this case likely reside in or near the City of Waynesboro. Fourth, there does not appear to be any other practical problems bearing on the expeditious or inexpensive trial of this case.

Moving now to the public interest factors, all of them are neutral because (1) there does not appear to be any administrative difficulties flowing from court congestion, (2) the Northern and Eastern Division of this District would have the same interest in deciding the case; and (3) no choice-of-law issues are implicated in this litigation.

Thus, having conducted the required two-step analysis, and having found that (1) the United States District Court for the Southern District of Mississippi, Eastern Division, constitutes an adequate, available forum for the litigation of this lawsuit, and (2) the public and private interest factors, when balanced, weigh in favor of the Eastern Division forum, the Court additionally finds the City of Waynesboro has satisfied its burden of showing that the Eastern Division of this District is a more convenient forum for litigating this case. The Court will, therefore, grant the Motion to Transfer Venue, and order this case transferred as permitted by 28 U.S.C. § 1404(a).

## II. Conclusion

For the foregoing reasons:

IT IS THEREFORE ORDERED that the Motions of Tim Cochran, Albert Busby, and Richard Johnson to Dismiss [Docket Nos. 21, 23, and 25] are hereby dismissed as moot.  These Defendants are required to answer or otherwise respond to the Complaint on or before October 23, 2018.

IT IS FURTHER ORDERED that the Motion to Transfer Venue [Docket No. 12] is hereby granted.

IT IS FURTHER ORDERED that the Clerk of Court is directed to transfer this case to the United States District Court for the Southern District of Mississippi, Eastern Division.

SO ORDERED this the 10th day of October, 2018.


                                      s/ William H. Barbour, Jr.
                                      UNITED STATES DISTRICT JUDGE